IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-313 |
| vs. | TENTATIVE FINDINGS |
| CHARLES F. MARTIN, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant makes several objections to the report and has moved for a variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)  impose upon the United States the burden of proof on all Guidelines enhancements;

(d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.  The defendant objects to the following matters in the revised presentence investigation report. First, the defendant objects to paragraph 102 because it fails to apply a role adjustment pursuant to U.S.S.G. § 3B1.2 cmt. n.3, for the reason that the loss in this matter greatly exceeds the defendant's personal gain. This objection will be resolved at sentencing, keeping in mind that the defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013).

The defendant objects to the representation in paragraph 94 that he stipulated in the plea agreement to the amount of the losses suffered by the victims, and more generally objects to the amount of restitution stated in the presentence report. The Court observes

that the plea agreement provides that the defendant only acknowledged that restitution will be ordered in an amount to be determined by the Court. Filing 42 at 6. The defendant's objection to paragraph 94 will be sustained. The overall amount of restitution will be determined on the evidence presented at sentencing, remembering that the government bears the burden of proving the restitution amount by a preponderance of the evidence, 18 U.S.C. § 3664(e).

The defendant also requests a variance for the reasons that (1) his criminal history category substantially over-represents the seriousness of his conduct, (2) his participation and substantial personal loss in the matter, and (3) in consideration of the defendant's post-offense rehabilitation and work history. The defendant's request for a variance will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary

materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of April, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge